# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-763V
Filed: July 31, 2014
Not for Publication

```
*************************************
DOUG AHLUM and KARI AHLUM,           *
Parents and Next of Kin to T.A.,     *
                                     *
              Petitioners,           *     Interim attorneys' fees and costs decision
                                     *     based on stipulation of fact
    v.                               *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
                                     *
*************************************
```

Andrew D. Downing, Phoenix, AZ, for petitioners.
Debra Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 31, 2014, the parties filed a stipulation of fact in which they agreed on an appropriate amount for interim attorneys' fees and costs in this case. In accordance with the General Order #9 requirement, petitioners assert that they have not incurred any costs in pursuit of their petition to date.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Petitioners submitted their request for interim attorneys' fees and costs to respondent. During informal discussions, respondent raised objections to certain items in petitioners' application. Based on these objections, petitioners amend their application for interim attorneys' fees and costs to $60,000.00. Respondent does not object to this amount and elects not to raise her statutory objection to this particular request for interim attorneys' fees and costs. The undersigned finds this amount to be reasonable. Accordingly, the court awards:

a. **$33,000.00**, representing reimbursement for interim attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioners, petitioners' attorney Andrew D. Downing, and Rhodes, Hieronymus, Jones, Tucker & Gable in the amount of **$33,000.00**; and

b. **$27,000.00**, representing reimbursement for interim attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioners, petitioners' attorney Andrew D. Downing, and Hennelly & Steadman P.L.C. in the amount of **$27,000.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 31, 2014                                                                s/ Laura D. Millman
                                                                                             Laura D. Millman
                                                                                             Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.