# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-763V
Filed: January 27, 2020

| | |
|---|---|
| DOUG AHLUM and KARI AHLUM, Parents and Next of Kin to T.A., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner <br><br> Damages Decision Based on Proffer; Table Injury; Measles Mumps Rubella Vaccine; Thrombocytopenic Purpura; Systemic Inflammatory Response Syndrome; SIRS; Amputation; Shock; Multiorgan Dysfunction Syndrome |

*Andrew Downing, Esq. Van Cott & Talamante, PLLC Phoenix, AZ, for petitioner.*
*Debra Begley, US Department of Justice, Washington, DC, for respondent.*

**DECISION AWARDING DAMAGES**[1]

On November 9, 2012, petitioners filed this petition for compensation on behalf of their minor son, T.A., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners alleged that the measles

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

mumps rubella (MMR) vaccine caused a Table encephalopathic event, resulting in permanent injuries including the amputation of both of his legs. (ECF No. 1.) The case was assigned to Special master Laura Millman. On May 13, 2014, petitioner filed an amended petition, alleging a Table injury of encephalopathy and a Table injury of thrombocytopenic purpura leading to systemic inflammatory response syndrome ("SIRS"). (ECF No. 33.) On August 16, 2018, Special Master Millman issued a decision on entitlement in this case, finding that petitioner is entitled to compensation for his SIRS, shock, multiorgan dysfunction syndrome, and bilateral amputation of his legs. (ECF No 117.)

On January 24, 2020, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded: a lump sum payment of $319,976.01 representing compensation for pain and suffering ($250,000.00) and life care expenses for Year One ($69,976.01); a lump sum payment of $15,551.47, representing compensation for past unreimbursable expenses; a lump sum payment of $311,507.41, representing compensation for satisfaction of a State of Arkansas Medicaid lien; and an amount sufficient to purchase the annuity contract as described in the Proffer. (Proffer at 3-4.) In the Proffer, respondent represented that petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that petitioners are entitled to an award as stated in the Proffer.

Accordingly, pursuant to the terms stated in the attached Proffer and accompanying Appendix, **I award**:

- **A lump sum payment of $319,976.01, representing compensation for pain and suffering ($250,000.00) and life care expenses for Year One ($69,976.01), in the form of a check payable to petitioners as guardian(s)/conservator(s) of T.A., for the benefit of T.A.**

- **A lump sum payment of $15,551.47, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Doug Ahlum and Kari Ahlum.**

- **A lump sum payment of $311,507.41, representing compensation for satisfaction of a State of Arkansas Medicaid lien, payable jointly to petitioners and Arkansas Medicaid, and mailed to:**

    **Arkansas Department of Human Services
    Division of Medical Services
    ATTN: Third Party Liability Unit
    P.O. Box 1437, Slot S-532
    Little Rock, Arkansas 72203-1437
    Case #: 149178
    Claim#: 12-763-V
    Tax ID# 71-6007389**

- **An amount sufficient to purchase the annuity contract described in the attached Proffer at Section II. D.**

These amounts represent compensation for all damages that would be available under §15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                              <u>**s/Daniel T. Horner**</u>
                                              Daniel T. Horner
                                              Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **DOUG AHLUM and KARI AHLUM,** \*  <br>**parents and next of kin to T.A.,** \*  <br>\* <br>Petitioners, \* <br>\* <br>v. \* <br>\* <br>**SECRETARY OF HEALTH AND** \* <br>**HUMAN SERVICES,** \* <br>\* <br>Respondent. \* | **No. 12-763V** <br>Special Master Horner |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

In her Ruling on Entitlement issued on August 16, 2018, Special Master Millman found that a preponderance of the evidence supported petitioners' claim that a measles, mumps, rubella (MMR) vaccine administered to T.A. on August 11, 2011, caused him to develop a systemic inflammatory reaction syndrome (SIRS), that led to subsequent shock, multi-organ dysfunction syndrome, and bilateral amputation of his legs. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.   Items of Compensation**

   A.   Life Care Items

The respondent engaged life care planner, Linda Curtis, RN, MS, CCM, CLCP, and petitioners engaged Roberta Hurley, BS. Ed., to provide an estimation of T.A.'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's August 16, 2018, Ruling on Entitlement.

-1-

in the Special Master's Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the attached chart entitled "Appendix A: Items of Compensation for T.A."[2] Petitioners agree.

      B.      <u>Lost Future Earnings</u>

The parties agree that based upon the evidence of record, T.A. will more likely than not be gainfully employed in the future. Therefore, respondent proffers that T.A. should not be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Petitioners agree.

      C.      <u>Pain and Suffering</u>

Respondent proffers that T.A. should be awarded $250,000.00 in actual pain and suffering. See 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

      D.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to T.A.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $15,551.47. Petitioners agree.

      E.      <u>Medicaid Lien</u>

Respondent proffers that T.A. should be awarded funds to satisfy a State of Arkansas Medicaid lien in the amount of $311,507.41, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arkansas may have against any individual as a result of any Medicaid payments the Arkansas Medicaid Program has made to or on behalf of T.A. from the date of his eligibility for benefits through the date of judgment in

---

[2] The chart at Appendix A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

this case as a result of his vaccine-related injury suffered on or about August 24, 2011, under Title XIX of the Social Security Act.

## II. Form of the Award

The parties recommend that the compensation provided to T.A. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A. A lump sum payment of $319,976.01 representing compensation for pain and suffering ($250,000.00), and life care expenses for Year One ($69,976.01), in the form of a check payable to petitioners as guardian(s)/conservator(s) of T.A., for the benefit of T.A. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of T.A.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.A., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.A. upon submission of written documentation of such appointment to the Secretary.

B. A lump sum payment of $15,551.47, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Doug Ahlum and Kari Ahlum.

C. A lump sum payment of $311,507.41, representing compensation for satisfaction of a State of Arkansas Medicaid lien, payable jointly to petitioners and Arkansas Medicaid, and mailed to:

---

[3] Should T.A. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

Arkansas Department of Human Services
Division of Medical Services
ATTN: Third Party Liability Unit
P.O. Box 1437, Slot S-532
Little Rock, Arkansas 72203-1437
CASE #: 149178
CLAIM #: 12-763-V
TAX ID# 71-6007389

Petitioners agree to endorse this payment to Arkansas Medicaid.

        D.      An amount sufficient to purchase the annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Appendix A attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners only so long as T.A. is alive at the time a particular payment is due. At the Secretary's sole

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A. M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Appendix A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Appendix A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioners agree.

2. Life-Contingent Annuity

The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as T.A. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of T.A.'s death.

3. Guardianship

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of T.A.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.A., any such payment shall be made to the party or

---

[6] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.A. upon submission of written documentation of such appointment to the Secretary.

### III. Summary of Recommended Payments Following Judgment

A. Lump Sum paid to the court-appointed guardian(s)/conservator(s) of the estate of T.A. for the benefit of T.A.:  **$319,976.01**

B. Past unreimbursable expenses payable to petitioners:  **$ 15,551.47**

C. Medicaid lien:  **$311,507.41**

D. An amount sufficient to purchase the annuity contract described above in section II. D.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Debra A. Filteau Begley*
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Dated: 1/24/2020                Direct dial: (202) 616-4181

Appendix A:  **Items of Compensation for T.A.**                                                                                          Page 1 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2020 | Compensation Year 2 2021 | Compensation Year 3 2022 | Compensation Year 4 2023 | Compensation Year 5 2024 | Compensation Year 6 2025 | Compensation Year 7 2026 | Compensation Year 8 2027 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Insurance Premium | 5% |   | M | 2,631.00 | 2,631.00 | 2,631.00 | 2,631.00 | 2,631.00 | 2,631.00 | 2,631.00 | 2,631.00 |
| Insurance MOP | 5% |   |   | 8,150.00 | 8,150.00 | 8,150.00 | 8,150.00 | 8,150.00 | 8,150.00 | 8,150.00 | 8,150.00 |
| Medicare Part B Deductible | 5% | * |   |   |   |   |   |   |   |   |   |
| Medigap | 5% |   | M |   |   |   |   |   |   |   |   |
| Medicare Part D | 5% |   | M |   |   |   |   |   |   |   |   |
| Dental Insurance | 5% |   |   | 369.84 | 369.84 | 369.84 | 369.84 | 369.84 | 369.84 | 369.84 | 513.84 |
| Dental Insurance MOP | 5% |   |   | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 |   |
| Major Restorative Dental Work | 5% |   |   |   |   |   |   |   |   |   | 7,900.00 |
| PCP | 5% | * |   |   |   |   |   |   |   |   |   |
| PM&R | 5% | * |   |   |   |   |   |   |   |   |   |
| Prosthetist | 5% | * |   |   |   |   |   |   |   |   |   |
| Psychologist | 4% | * |   |   |   |   |   |   |   |   |   |
| X-rays | 5% | * |   |   |   |   |   |   |   |   |   |
| Lab Testing | 5% | * |   |   |   |   |   |   |   |   |   |
| Prozac | 5% | * |   |   |   |   |   |   |   |   |   |
| Gabapentin | 5% | * |   |   |   |   |   |   |   |   |   |
| PT | 4% | * |   |   |   |   |   |   |   |   |   |
| OT | 4% | * |   |   |   |   |   |   |   |   |   |
| Bilateral Prosthetics | 5% | * |   |   |   |   |   |   |   |   |   |
| Micro Processing Knees | 5% | * |   |   |   |   |   |   |   |   |   |
| Running Blades | 5% |   |   |   | 30,000.00 |   |   |   |   |   |   |
| WC | 4% | * |   |   |   |   |   |   |   |   |   |
| WC Cushion | 4% |   |   |   | 355.00 | 177.50 | 177.50 | 177.50 | 177.50 | 177.50 | 177.50 |
| Spox Wheels | 4% | * |   |   |   |   |   |   |   |   |   |
| Scooter | 4% |   |   | 1,224.00 | 244.80 | 244.80 | 244.80 | 244.80 | 244.80 | 244.80 | 244.80 |
| Gloves for WC | 4% |   |   | 24.49 | 12.25 | 12.25 | 12.25 | 12.25 | 12.25 | 12.25 | 12.25 |
| Mobo Triton Bike | 4% |   |   | 227.71 |   |   |   |   | 329.00 | 32.90 | 32.90 |
| Mentor/ Aide | 4% |   | M | 8,320.00 | 8,320.00 | 8,320.00 | 8,320.00 | 8,320.00 | 8,320.00 | 6,240.00 | 6,240.00 |
| Case Mngt | 4% |   | M | 3,360.00 | 3,360.00 | 3,360.00 | 3,360.00 | 3,360.00 | 3,360.00 | 3,360.00 | 3,360.00 |
| Athletic Club | 4% |   |   | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 274.00 | 274.00 |
| Adative Ski Program | 4% |   |   | 1,625.00 | 1,625.00 | 1,625.00 | 1,625.00 | 1,625.00 | 1,625.00 | 1,625.00 |   |
| Camp | 4% |   |   | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 |   |

**Appendix A:  Items of Compensation for T.A.**                                                                                                                     Page 2 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 | 2027 |
| Parent Expenses for Camp | 4% | | | 1,950.00 | 1,950.00 | 1,950.00 | | | | | |
| Vehicle Mods | 4% | | | | | | | 15,000.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Drivers Eval | 4% | | | | | | | 600.00 | | | |
| Home Mods | | | | 40,409.97 | | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 15,551.47 | | | | | | | |
| Medicaid Lien | | | | 311,507.41 | | | | | | | |
| Annual Totals | | | | 647,034.89 | 58,701.89 | 28,524.39 | 26,574.39 | 42,174.39 | 28,403.39 | 26,117.29 | 31,036.29 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed
guardian(s)/conservators(s) of the estate of T.A. for the benefit of T.A., for pain and suffering ($250,000.00) and
Yr 1 life care expenses ($69,976.01): $319,976.01.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners,
Doug Ahlum and Kari Ahlum, for past un-reimbursable expenses: $15,551.47.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners and
Arkansas Medicaid, as reimbursement of the State's Medicaid lien: $311,507.41.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

Appendix A: Items of Compensation for T.A.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 9 2028 | Compensation Year 10 2029 | Compensation Year 11 2030 | Compensation Year 12 2031 | Compensation Years 13-14 2032-2033 | Compensation Years 15-19 2034-2038 | Compensation Year 20 2039 | Compensation Years 21-53 2040-2072 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Insurance Premium | 5% | | M | 2,631.00 | 2,631.00 | 2,631.00 | 2,631.00 | 2,631.00 | | | |
| Insurance MOP | 5% | | | 8,150.00 | 8,150.00 | 8,150.00 | 8,150.00 | 8,150.00 | 8,125.00 | 8,125.00 | 8,125.00 |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medigap | 5% | | M | | | | | | | | |
| Medicare Part D | 5% | | M | | | | | | | | |
| Dental Insurance | 5% | | | 513.84 | 513.84 | 513.84 | 513.84 | 513.84 | 513.84 | 513.84 | 513.84 |
| Dental Insurance MOP | 5% | | | | | | | | | | |
| Major Restorative Dental Work | 5% | | | 3,600.00 | | | | | | | |
| PCP | 5% | * | | | | | | | | | |
| PM&R | 5% | * | | | | | | | | | |
| Prosthetist | 5% | * | | | | | | | | | |
| Psychologist | 4% | * | | | | | | | | | |
| X-rays | 5% | * | | | | | | | | | |
| Lab Testing | 5% | * | | | | | | | | | |
| Prozac | 5% | * | | | | | | | | | |
| Gabapentin | 5% | * | | | | | | | | | |
| PT | 4% | * | | | | | | | | | |
| OT | 4% | * | | | | | | | | | |
| Bilateral Prosthetics | 5% | * | | | | | | | | | |
| Micro Processing Knees | 5% | * | | | | | | | | | |
| Running Blades | 5% | | | | 30,000.00 | | | | | 30,000.00 | |
| WC | 4% | * | | | | | | | | | |
| WC Cushion | 4% | | | 177.50 | 177.50 | 177.50 | 177.50 | 177.50 | 177.50 | 177.50 | 177.50 |
| Spox Wheels | 4% | * | | | | | | | | | |
| Scooter | 4% | | | 244.80 | 244.80 | 244.80 | 244.80 | 244.80 | 244.80 | 244.80 | 244.80 |
| Gloves for WC | 4% | | | 12.25 | 12.25 | 12.25 | 12.25 | 12.25 | 12.25 | 12.25 | 12.25 |
| Mobo Triton Bike | 4% | | | 32.90 | 32.90 | 32.90 | 32.90 | 32.90 | 32.90 | 32.90 | 32.90 |
| Mentor/ Aide | 4% | | M | 6,240.00 | 6,240.00 | 6,240.00 | 6,240.00 | 4,160.00 | 4,160.00 | 4,160.00 | 4,160.00 |
| Case Mngt | 4% | | M | 3,360.00 | 3,360.00 | 3,360.00 | | | | | |
| Athletic Club | 4% | | | 274.00 | 274.00 | 274.00 | 274.00 | 274.00 | 274.00 | 274.00 | 274.00 |
| Adative Ski Program | 4% | | | | | | | | | | |
| Camp | 4% | | | | | | | | | | |

**Appendix A: Items of Compensation for T.A.**  Page 4 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 9 | Compensation Year 10 | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-14 | Compensation Years 15-19 | Compensation Year 20 | Compensation Years 21-53 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2028 | 2029 | 2030 | 2031 | 2032-2033 | 2034-2038 | 2039 | 2040-2072 |
| Parent Expenses for Camp | 4% | | | | | | | | | | |
| Vehicle Mods | 4% | | | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Drivers Eval | 4% | | | | | | | | | | |
| Home Mods | | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | | | |
| Medicaid Lien | | | | | | | | | | | |
| Annual Totals | | | | 26,736.29 | 53,136.29 | 23,136.29 | 19,776.29 | 17,696.29 | 15,040.29 | 45,040.29 | 15,040.29 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed
guardian(s)/conservators(s) of the estate of T.A. for the benefit of T.A., for pain and suffering ($250,000.00) and
Yr 1 life care expenses ($69,976.01): $319,976.01.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners,
Doug Ahlum and Kari Ahlum, for past un-reimbursable expenses: $15,551.47.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners and
Arkansas Medicaid, as reimbursement of the State's Medicaid lien: $311,507.41.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 54-56 | Compensation Years 57-Life |
|---|---|---|---|---|---|
|  |  |  |  | 2073-2075 | 2076-Life |
| Insurance Premium | 5% |  | M |  |  |
| Insurance MOP | 5% |  |  |  |  |
| Medicare Part B Deductible | 5% | * |  |  |  |
| Medigap | 5% |  | M | 2,682.00 | 2,682.00 |
| Medicare Part D | 5% |  | M | 784.88 | 784.88 |
| Dental Insurance | 5% |  |  | 513.84 | 513.84 |
| Dental Insurance MOP | 5% |  |  |  |  |
| Major Restorative Dental Work | 5% |  |  |  |  |
| PCP | 5% | * |  |  |  |
| PM&R | 5% | * |  |  |  |
| Prosthetist | 5% | * |  |  |  |
| Psychologist | 4% | * |  |  |  |
| X-rays | 5% | * |  |  |  |
| Lab Testing | 5% | * |  |  |  |
| Prozac | 5% | * |  |  |  |
| Gabapentin | 5% | * |  |  |  |
| PT | 4% | * |  |  |  |
| OT | 4% | * |  |  |  |
| Bilateral Prosthetics | 5% | * |  |  |  |
| Micro Processing Knees | 5% | * |  |  |  |
| Running Blades | 5% |  |  |  |  |
| WC | 4% | * |  |  |  |
| WC Cushion | 4% |  |  | 177.50 | 177.50 |
| Spox Wheels | 4% | * |  |  |  |
| Scooter | 4% |  |  | 244.80 | 244.80 |
| Gloves for WC | 4% |  |  | 12.25 | 12.25 |
| Mobo Triton Bike | 4% |  |  | 32.90 |  |
| Mentor/ Aide | 4% |  | M | 4,160.00 | 4,160.00 |
| Case Mngt | 4% |  | M |  |  |
| Athletic Club | 4% |  |  | 274.00 | 274.00 |
| Adative Ski Program | 4% |  |  |  |  |
| Camp | 4% |  |  |  |  |

**Appendix A: Items of Compensation for T.A.**  Page 6 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 54-56 2073-2075 | Compensation Years 57-Life 2076-Life |
|---|---|---|---|---|---|
| Parent Expenses for Camp | 4% | | | | |
| Vehicle Mods | 4% | | | 1,500.00 | 1,500.00 |
| Drivers Eval | 4% | | | | |
| Home Mods | | | | | |
| Pain and Suffering | | | | | |
| Past Unreimbursable Expenses | | | | | |
| Medicaid Lien | | | | | |
| Annual Totals | | | | 10,382.17 | 10,349.27 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/conservators(s) of the estate of T.A. for the benefit of T.A., for pain and suffering ($250,000.00) and Yr 1 life care expenses ($69,976.01): $319,976.01.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Doug Ahlum and Kari Ahlum, for past un-reimbursable expenses: $15,551.47.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners and Arkansas Medicaid, as reimbursement of the State's Medicaid lien: $311,507.41.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.